UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00159-TBR

INDIANA INSURANCE CO.                                            PLAINTIFF

v.

CHRISTOPHER GIES, *et al.*                                      DEFENDANTS

## Memorandum Opinion

This matter is before the Court upon a motion to transfer venue by Defendants Katie Chamberlain and D.C., her minor child.  [DN 20.]  Plaintiff Indiana Insurance Company (IIC) has responded, [DN 23], and the time for filing a reply has passed.   Fully briefed, Defendants' motion is ripe for review, and for the following reasons, it is GRANTED.

## I. Facts and Procedural History

A catastrophic three-vehicle traffic accident on March 27, 2016 severely injured Katie Chamberlain and her minor son, D.C.   On that date, Chamberlain, D.C., and Haley Arnold were traveling northbound on the AA Highway in Bracken County in Chamberlain's 2000 Oldsmobile Alero.   [DN 1 at 5.]   While they were stopped to make a left turn, Chamberlain's vehicle was rear-ended by a 2003 Chrysler Town & Country Minivan driven by Christopher Gies.  [*Id.*]   Riding along with Gies were Analeen Jones, Gies' girlfriend, and Jones' five minor children. [*Id.*] The collision pushed Chamberlain's Oldsmobile into oncoming traffic, whereupon it was struck by a tractor-trailer owned by Paschall Truck Lines (PTL) and driven by Donald McGowen.  [*Id.*]   As this case is in its infancy, the full

extent of the parties' damages is unknown to the Court; Chamberlain claims that she suffered "severe permanent damage to her legs," and that her son sustained a brain injury.   [DN 20 at 3.]

Analeen Jones, the minivan's owner, had recently purchased the vehicle from Advantage Used Cars.   [DN 1 at 5.]   The car dealership was insured by Indiana Insurance Company, an Indiana corporation headquartered in Boston, Massachusetts.   [*Id.* at 3, 5.]   IIC brought this statutory interpleader action pursuant to 28 U.S.C. § 1335 seeking to determine to whom the proceeds of Advantage Used Cars' $300,000 insurance policy should be distributed.   *See* [*id.* at 7.]   IIC named as defendants all parties involved in the accident: Gies, Jones, and Jones' minor children, all residents of Pendleton County, Kentucky; Chamberlain and D.C., residents of Robertson County, Kentucky; Arnold, a resident of Bracken County, Kentucky; McGowen, a Harris County, Texas resident; Paschall Truck Lines, a Kentucky corporation headquartered in Calloway County, Kentucky; and Great West Casualty Company, PTL's Nebraska insurance company headquartered in Dakota County, Nebraska.   [*Id.* at 3-4.]

IIC filed this action in the Western District of Kentucky, Paducah Division, the district and division that embraces Calloway County, PTL's headquarters. Under 28 U.S.C. § 1404(a), Chamberlain and D.C. now seek to transfer venue to the Eastern District of Kentucky, Northern Division at Covington, the district and division in which all the occupants of Jones' minivan and Chamberlain's sedan reside.   They point out that ten of the thirteen interpleader defendants, including

2

six minor children, reside in the Eastern District, while only one defendant, PTL, resides in the Western District. *See* [DN 20 at 2.] Additionally, the accident occurred in the Eastern District, so all pertinent evidence and witnesses are located there. [*Id.*] IIC opposes Chamberlain and D.C.'s motion, contending that the convenience of the parties and the interests of justice do not weigh in favor of transfer. *See* [DN 23 at 2.]

## II. Legal Standard

For "the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding whether to transfer a case, § 1404(a) requires a two-part analysis. The Court must first determine if the action could have originally been filed in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If so, the Court must then determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine. Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, __ U.S. ___, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

The second step in the Court's analysis requires it to evaluate various private- and public-interest factors, typically "giv[ing] some weight to the [plaintiff's] choice of forum." *Id.* Factors relevant to the parties' private interests include (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the accessibility of relevant evidence, (4) the availability of compulsory process to

3

make reluctant witnesses testify, (5) the cost of obtaining willing witnesses' testimony, and (6) any other practical problems that make trial of a case easy, expeditious, and inexpensive. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see also Atl. Marine*, 134 S. Ct. at 581 n.6. Relevant public-interest factors include (1) administrative difficulties flowing from court congestion, (2) the local interest in deciding the controversy at home, and (3) in a diversity case, the interest of having the trial in a forum familiar with governing law. *Atl. Marine*, 134 S. Ct. at 581 n.6. While this list of factors is non-exhaustive, it is illustrative of the issues typically considered by the courts of this Circuit. "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese*, 574 F.3d at 320. The movant bears the burden of showing that transfer is appropriate. *Boiler Specialists, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *2 (W.D. Ky. July 26, 2012) (collecting cases).

## III. Discussion

The Federal Interpleader Act of 1936, 49 Stat. 1096, *codified at* 28 U.S.C. §§ 1335, 1397, 2361, "entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1240 (E.D. Ky. 2011) (quoting *White v. Fed. Deposit Ins. Corp.*, 19 F.3d 249, 251 (5th Cir. 1994)). Among other things, the Act provides that any

4

interpleader action brought under 28 U.S.C. § 1335 "may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. Chamberlain and D.C. do not contend that venue in this Court is improper. Interpleader Defendant PTL, a Kentucky corporation headquartered in Calloway County, resides in the Western District of Kentucky, Paducah Division. *See* Local Rule (LR) 3.1(b)(4). The interpleader venue statute, 28 U.S.C § 1397, thus allows IIC to maintain its interpleader action in this Court.

However, this Court is not the only court in which IIC could have filed its complaint. Rather, pursuant to § 1397, IIC could have brought this action in *any* district where one or more of the interpleader defendants resides. Here, Chamberlain and D.C. seek transfer to the Eastern District of Kentucky, Northern Division at Covington, the district and division embracing their Robertson County home. *See* LR 3.1(a)(1)(B). That same division also encompasses Pendleton County, where Gies, Jones, and Jones' minor children call home, and Bracken County, Arnold's residence. Therefore, § 1397 provides that venue would have also been proper in the Eastern District of Kentucky, Northern Division at Covington.

Because this action could have originally been filed in the transferee district, the Court's next step is to determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine. Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, __ U.S. ___, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)). When weighing the relevant private- and public-interest factors, the Court must ordinarily give some

5

weight to the plaintiff's choice of forum. *Id*. However, "in an interpleader action 'where the [p]laintiff is nothing more than a disinterested stakeholder' that will likely be dismissed at an early stage of the proceedings, the plaintiff's initial choice of forum is not given the same weight and consideration." *Reliastar Life Ins. Co. v. Damon*, Case No. 2:16-cv-304-FtM-29CM, 2016 WL 4254088, at *2 (M.D. Fla. Aug. 12, 2016) (quoting *Orsek, P.A. v. Servicios Legales de Mesoamerica A De R.L.*, 699 F. Supp. 2d 1344, 1353 (S.D. Fla. 2010)); *see also Williams v. Lincoln Nat. Life Ins. Co.*, 121 F. Supp. 3d 1025, 1036 (D. Or 2015) ("In considering motions to transfer venue in interpleader cases, courts do not defer to the third-party plaintiff's choice of forum as in other civil actions."). Thus, the Court's first step is to weigh the appropriate private-interest factors.

Here, those factors weigh in favor of transfer. All but one of the in-state interpleader defendants reside in the Covington jury division of the Eastern District of Kentucky. As for the out-of-state parties, Great West Casualty and Donald McGowen, it should make little difference to them whether they litigate this case in the Eastern District or Western District. IIC points out that although it named thirteen interpleader defendants, only Chamberlain, D.C., and PTL have viable claims against the policy proceeds. *See* [DN 23 at 3.] The other parties involved in the accident, IIC says, sustained no damages and will not be making claims. [*Id.*] Indeed, motions for default are pending against several of these disinterested defendants. But even if IIC's assertions regarding the other parties prove true,

that still leaves Chamberlain and D.C.'s bodily injury claims in the Eastern District weighing against PTL's Western District property damage claims.

IIC also argues that because this is an interpleader action, there should be no need for the parties or their attorneys to physically appear in the Western District. [*Id.* at 4.]   In its complaint, IIC claims that "[under] Kentucky law, the insurance proceeds should be distributed on a pro rata basis to all Defendants with valid claims against an insured under the Policy."   [DN 1 at 7.]   While that may be true, this case is in its infancy.   The precise nature and extent of the interpleader defendants' claims against the insurance proceeds are unknown to the Court at this time, so it is impossible to say with certainty that the parties and their attorneys will never have to appear.   And if such an appearance is necessary, Chamberlain and D.C. have explained that making a trip across the state would impose upon them significant hardships because of their injuries. [DN 20 at 3.] PTL, a corporation, is unlikely to experience the same difficulty traveling in the opposite direction.   The convenience of the parties weighs in favor of transfer, at least minimally.   The other relevant private interest factors also counsel that this case should be transferred.   Any witnesses and evidence pertaining to this accident will likely be located in the Eastern District.   In short, because this accident occurred in the eastern part of the state, and a substantial majority of the parties are located there, the parties will be able to more easily litigate this case in the Eastern District.

Similarly, the Eastern District has a more heightened local interest in deciding the controversy at home than does this Court. *Atl. Marine*, 134 S. Ct. at 581 n.6. The Western District's only connection to this case is the presence of PTL within the district. While this is sufficient to render this Court a proper venue, it does not follow that this is the most appropriate venue. The Eastern District has a particularly strong interest in hearing this case; after all, the accident occurred on its soil, involved several of its residents, and inflicted substantial bodily harm upon them. The public interest is also served by transferring this case.[1]

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Interpleader Defendants Chamberlain and D.C.'s motion to transfer venue [DN 20] is GRANTED. The Clerk is directed to transfer the above-captioned action to the United States District Court for the Eastern District of Kentucky, Northern Division at Covington. An appropriate order will follow.

CC: Counsel of Record

---

[1] The parties have not addressed the issue of administrative difficulties flowing from court congestion. *Atl. Marine*, 134 S. Ct. at 581 n.6. Even if they had, the Court sees no reason why this factor should weigh substantially in either direction.